# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

———————————————————

In the Interest of M.L., a child.

A.L.,

Petitioner,

v.

DEPARTMENT OF CHILDREN AND FAMILIES and
STATEWIDE GUARDIAN AD LITEM OFFICE,

Respondents.

No. 2D2025-3312

———————————————————

March 6, 2026

Petition for Writ of Certiorari to the Circuit Court for Pasco County; Linda
H. Babb, Judge.

Jon J. Johnson and Kendrick Donnelly of Older Lundy Koch & Martino,
P.A., Tampa, for Petitioner.

Bruce Bartlett, State Attorney, and Leslie M. Layne, Assistant Attorney
General, Clearwater, for Respondent Department of Children and
Families.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Caitlin E.
Burke, Senior Attorney, Appellate Division, Tallahassee, for Respondent
Statewide Guardian Ad Litem Office.

MORRIS, Judge.

A.L., the father of M.L., seeks certiorari review of a circuit court order denying the father's motion for reunification. Because the circuit court departed from the essential requirements of law by failing to address the factors in section 39.621(10)(c), Florida Statutes (2025), we grant the petition and quash the order.

In August 2024 M.L. was sheltered and the Department of Children and Families filed a dependency petition, alleging that M.L., who was six months old at the time, had been subjected to physical abuse or neglect and that the parents had engaged in violent behavior towards each other in the child's presence.[1]

On September 25, 2024, a reunification case plan was filed. On December 10, 2024, the mother was reunified with M.L. On February 12, 2025, the circuit court entered an order adjudicating M.L. dependent and approving the father's case plan. On July 28, 2025, the father filed a motion for reunification, alleging that he had substantially complied with his case plan. On August 20, 2025, the Department filed a motion to amend the case plan tasks for the parents. On October 17 and 31, 2025, the circuit court held hearings on the father's and the Department's motions. On November 10, 2025, the circuit court entered an order granting the Department's motion to amend case plan and a separate order denying the father's motion for reunification.[2]

In his petition before this court, the father argues that the circuit court departed from the essential requirements of law in denying his

---

[1] The parents are married. The mother obtained an injunction against the father, but it was ultimately dismissed upon the mother's request. At the time of the order on review, the parents had been living separately but were reconciling.

[2] The father seeks certiorari review of the order granting the Department's motion to amend the case plan in case 2D2025-3313.

motion for reunification without making the findings required by section 39.621(10)(c).

An "order denying reunification . . . entered after dependency but before termination of supervision or jurisdiction" is reviewable by petition for writ of certiorari. *See D.P. v. Dep't of Child. & Fams.*, 367 So. 3d 595, 597 (Fla. 2d DCA 2023).

Section 39.621(10)(c) provides as follows:

> The court shall base its decision concerning any motion by a parent for reunification or increased contact with a child on the effect of the decision on the safety, well-being, and physical and emotional health of the child. *Factors that must be considered and addressed in the findings of fact of the order on the motion must include*:
> 1. The compliance or noncompliance of the parent with the case plan;
> 2. The circumstances which caused the child's dependency and whether those circumstances have been resolved;
> 3. The stability and longevity of the child's placement;
> 4. The preferences of the child, if the child is of sufficient age and understanding to express a preference;
> 5. The recommendation of the current custodian; and
> 6. Any recommendation of the guardian ad litem.

(Emphasis added.) "A finding regarding each of these factors is mandatory and vital to a proper order denying reunification." *D.P.*, 367 So. 3d at 597-98 (quoting *C.D. v. Dep't of Child. & Fams.*, 974 So. 2d 495, 500 (Fla. 1st DCA 2008)). When a court fails to address the requisite statutory findings under section 39.621(10)(c), such failure "constitutes a departure from the essential requirements of law causing irreparable harm." *D.P.*, 367 So. 3d at 599.[3]

---

[3] In *D.P.*, the Department argued that the father "failed to preserve his objections to the statutory sufficiency of the trial court's findings because he neglected to make [the] challenge in a motion for rehearing." 367 So. 3d at 598. This court rejected the Department's argument for

Here, while the circuit court's order does make certain findings, it fails to address the statutory findings set forth in section 39.621(10)(c). The Department has filed a concession of error, correctly agreeing that the order "does not contain the requisite findings."  Therefore, we grant the father's petition and quash the order denying the father's motion for reunification.

Petition granted; order quashed.

SILBERMAN and BLACK, JJ., Concur.

––––––––––––––––––––––––––––

Opinion subject to revision prior to official publication.

---

two reasons: (1) the family law cases relied on by the Department "were appeals from final judgments" and "were not considered on certiorari review" and (2) the Florida Rules of Juvenile Procedure applicable to dependency cases did not "require the filing of a motion for rehearing to preserve challenges to the sufficiency of an order."  *Id.* at 598.  Since the issuance of *D.P.,* Florida Rule of Juvenile Procedure 8.265(b)(4) has been amended to require such preservation in a motion for rehearing of a final order.  *See* Fla. R. Juv. P. 8.265(b)(4) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final order, a party must raise that issue in a motion for rehearing under this rule.").  The new version of rule 8.265 does not apply in this case because the order denying the father's motion for reunification is not a final order.